**Mark MOSS, Plaintiff–Appellant,**

v.

**Jay DUKES; Alton Hesson, Warden; Tommy Mills, Asst. Warden; Jim Blankenship; Judy Dowell, Corr. Officer; Paul Barrett; Robert Henry, Jr.;**

Carol Deadman; Kevin L. Henderson; Pat Galloway, Sgt.; John Thobe, Admin. Supv.; Howard Lowery; Walter Chapius, Defendants–Appellees.

No. 01–6091.

United States Court of Appeals, Sixth Circuit.

May 7, 2002.

Before MERRITT, SUHRHEINRICH, and GILMAN, Circuit Judges.

*ORDER*

This is an appeal from a summary judgment for the defendants in this prisoner civil rights case filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2000, Tennessee inmate Mark Moss filed a civil rights complaint seeking monetary damages and other relief from thirteen named corrections officials for an alleged Eighth Amendment violation. The district court eventually granted summary judgment for all defendants, and Moss filed a Fed.R.Civ.P. 59(e) motion for a new trial. The district court denied the motion after construing it as having been filed under Fed.R.Civ.P. 60(b). Moss took a timely appeal from this latter judgment.

Moss takes issue on appeal with the district court's 1) refusal to permit an amendment to the complaint; 2) denial of a motion for appointment of counsel; 3) decision to grant the defendants' motion for summary judgment; and, 4) decision to deny Moss's post-judgment motion for relief. The heart of Moss's appeal, however, is his disagreement with the decision to grant the defendants' motion for summary judgment. Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party need not support its motion with affidavits or other similar materials "negating" the opponent's claim, but need show only that "there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). An examination of the record and law supports the district court's disposition of the case, and the attendant procedural trial rulings, in all respects.

Mark Moss filed the present compliant seeking redress for the alleged constitutional torts visited upon him while he was an inmate at the West Tennessee State Penitentiary in Henning, Tennessee (the "WTSP"). Moss claimed that the thirteen named defendants, various employees and officials of the WTSP, subjected Moss to cruel and unusual punishment in contravention of the Eighth Amendment when they failed to provide Moss with adequate medical treatment for his eyes. The alleged unconstitutional acts included improper diagnosis and treatment for his initial condition (detached retina), ignoring Moss's requests for treatment, failing to move Moss to a facility closer to his physician, and refusing to segregate Moss from the harmful effects of second-hand tobacco smoke from his cell-mate. Moss thereafter moved for injunctive relief and permission to amend his complaint to include allegations of retaliation and excessive force. The district court denied the motion to amend while noting that, absent any indication that Moss exhausted his administrative remedies as to these latest claims, the court would be forced to dismiss them pursuant to 42 U.S.C. § 1997e(a) even if filed. The defendants

eventually moved for summary judgment on the strength of extensive medical records and depositions in which virtually every one of Moss's claims were shown to be false or greatly exaggerated. The district court granted the motion, and Moss filed a Fed.R.Civ.P. 59(e) motion for a new trial. The district court denied the motion after construing it as having been filed under Fed.R.Civ.P. 60(b) and this appeal followed.

Upon consideration, the judgment will be affirmed for the reasons set forth in the district court's opinion (Record Entry 135) entered on June, 7, 2001.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.